IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL L. NEELEY,<br><br>    Plaintiff,<br><br> v.<br><br>DR. MARGARET CARRILLO, et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 14-0542 |

**OPINION**

**Slomsky, J.**                                **November 17, 2015**

**I. INTRODUCTION**

  Plaintiff Michael L. Neeley, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against Doctor Margaret Carrillo, Physician Assistant Angie Napolitano, and PrimeCare Medical, Inc. (collectively "Defendants") for failure to respond to his medical needs while Neeley was incarcerated at the Montgomery County Correctional Facility ("MCCF"). (Doc. No. 3.)  Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 23), filed on April 2, 2015.  For the following reasons, the Court will grant Defendants' Motion.[1]

**II. BACKGROUND**

  The following facts are relevant to Defendants' Motion for Summary Judgment and are viewed in the light most favorable to Neeley as the nonmoving party.[2]

---

[1] In deciding Defendants' Motion for Summary Judgment, the Court has considered the Complaint (Doc. No. 3), Defendants' Motion for Summary Judgment (Doc. No. 23), and the pertinent exhibits.  Neeley has not filed a Response in Opposition to the Motion for Summary Judgment.

[2] In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Chambers v. Sch. Dist.

1

Neeley has been incarcerated on-and-off at MCCF for several years. His most recent return to MCCF was on September 20, 2013. (Doc. No. 3 at 9.)   Neeley suffers from Hepatitis C, a liver disease. (Id. at 10.)  He also suffers from Rhumatoid Arthritis ("RA"). (Id.)  Dr. Margaret Carrillo provides medical care for inmates at MCCF, and has treated Neeley during his stays at MCCF. (Id.)   PrimeCare Medical, Inc. ("PrimeCare") is responsible for providing medical services to inmates at MCCF. (Id.)

According to the Complaint, Neeley has been unable to see Dr. Carrillo for treatment since his reentry in September 2013. (Id.)  Instead, Neeley has seen Angie Napolitano[3] for medical treatment and medication to treat pain caused by RA. (Id.)  According to Neeley, MCCF will not treat Hepatitis C. (Id.)  Furthermore, Neeley alleges that Dr. Carrillo will not prescribe him medication to treat his RA because of his Hepatitis C.  Neeley believes that Dr. Carrillo is making up excuses to justify not prescribing him this medication. (Id.)  He continues to be seen by the medical staff at MCCF for his symptoms, but he contends that nothing is being done to treat these underlying conditions. (Id.)

On January 29, 2014, Neeley filed a pro se civil rights Complaint against Defendants, alleging that they violated his civil rights by failing to treat his RA and Hepatitis C. (Doc. No. 3.) Defendants filed a Motion to Dismiss the Complaint on March 21, 2014. (Doc. No. 9.)  On March 31, 2014, Neeley filed a Response in opposition. (Doc. No. 10.)  The Court issued an Opinion and Order denying Defendants' Motion to Dismiss, but limiting Neeley's claim to an

---

of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009). As Neeley is the nonmoving party, the Court will view the facts in the light most favorable to him.

[3]  According to Defendants, Angie Napolitano is a Physician Assistant ("PA") at MCCF. (Doc. No. 9-1 at 1.)

allegation that Defendants failed to treat his Hepatitis C.[4]  (Doc. No. 14.)  On April 2, 2015, Defendants filed a Motion for Summary Judgment.  (Doc. No. 23.)  Neeley did not file a response.  For reasons that follow, Defendants' Motion will be granted.

### III. STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy.  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Montgomery Cnty., Pa. v. MERSCORP Inc., 795 F.3d 372, 376 (3d Cir. 2015); see also Fed. R. Civ. P. 56(a).  A disputed issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "A fact is material if, under the governing law, it might affect the outcome of the case."  In re Asbestos Products Liab. Litig. (No. VI), 574 F. App'x 203, 205 (3d Cir. 2014).  Once the proponent of summary judgment "points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor."  Id.

In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. (quoting Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009)) (internal quotation marks omitted).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  Anderson, 477 U.S. at 247-49.

---

[4]  In the Opinion on Defendants' Motion to Dismiss, the Court held that Neeley cannot maintain a constitutional claim based on Defendants' treatment of his RA.  (Doc. No. 14.)

Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the non-moving party's evidence over that presented by the moving party. Id. at 255. If there is no factual issue, and if only one reasonable conclusion could arise from the record regarding the potential outcome under the governing law, summary judgment must be awarded in favor of the moving party. Id. at 250.

## IV. ANALYSIS

Neeley's sole claim against Defendants is for a violation of his Eighth Amendment right to receive adequate medical care for his Hepatitis C pursuant to 42 U.S.C. § 1983. This statute permits a claim to be brought against every person who, under color of state law, deprives a plaintiff of a federally protected right. 42 U.S.C. § 1983; Adams v. Cnty. of Erie, Pa., 558 F. App'x 199, 202 (3d Cir. 2014). To establish an Eighth Amendment claim based on inadequate medical care, an inmate must prove that the defendants were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Here, Defendants argue that they are entitled to summary judgment on Neeley's Section 1983 claim because they did not act with deliberate indifference to Neeley's Hepatitis C. Additionally, PrimeCare argues that it is entitled to summary judgment on Neeley's Section 1983 claim because it is not liable pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). The Court will address each argument in turn.

### A. Defendants Did Not Act with Deliberate Indifference to Neeley's Hepatitis C

In order to prevail on a Section 1983 claim based on inadequate medical care, Neeley must establish that Defendants acted with deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106. Therefore, Neeley must prove that Defendants acted with deliberate indifference to treatment of his Hepatitis C. Id. at 104. When the Court views the facts in the light most favorable to him, Neeley does not meet this burden.

Deliberate indifference requires "obduracy and wantonness" in conduct that exhibits "recklessness or a conscious disregard of a serious risk." Harper v. Corizon, Civ. A. No. 14-639, 2015 WL 1608434, at *3 (E.D. Pa. April 10, 2015). Negligence or malpractice, without a more culpable state of mind, does not amount to deliberate indifference. Matos v. Prison Health Serv. Inc., Civ. A. No. 14-4517, 2015 WL 2126928, at *3 (E.D. Pa. May 7, 2015) (citing Estelle, 429 U.S. at 106). Expert medical testimony is required where "the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson." Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 852 (3d Cir. 1995); see also Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002) (noting the necessity of expert medical testimony for illnesses that are not clearly ascertainable by lay persons, unlike "broken legs or bullet wounds").

In this case, Neeley alleges that he received no treatment for Hepatitis C while at MCCF. He has not provided medical records or other evidence that support this claim. Nor has he provided expert reports to support a finding that Defendants in any way behaved wantonly or consciously disregarded a serious medical risk. Defendants, however, have provided treatment records indicating that medical personnel at MCCF—including Dr. Carrillo and PA Napolitano—monitored and assessed his Hepatitis C infection. Defendants also produced an expert report of Lawrence H. Mendel, Doctor of Osteopathic Medicine, a board-certified family practitioner. Dr. Mendel opined that the treatment rendered by Defendants for his Hepatitis C was appropriate. (Doc. No. 23, Ex. D.)

In arguing that they did not deliberately disregard a serious medical risk, Defendants also have provided records of doctor visits and laboratory testing.[5] The chronic care sick call records indicate that Neeley met with Dr. Carrillo to discuss his symptoms and treatment five times since he reentered MCCF in September 2013.  (Doc. No. 23, Ex. A.)  The laboratory records show that Dr. Carrillo performed blood tests on Neeley six times since his return to MCCF in September 2013.  (Doc. No. 23, Ex. C.)  The sick call reports indicate that, since September 2013, Neeley met with Dr. Carrillo, PA Napolitano, and other PAs at least eight times to discuss symptoms and treatment.  (Doc. No. 23, Ex. A.)  Neeley's claim that he has been unable to see Dr. Carrillo for treatment since his reentry in September 2013 therefore is unfounded.

Dr. Mendel, Defendants' expert medical witness, reviewed the following in preparation of his expert opinion: the Complaint (Doc. No. 3), MCCF medical records (Doc. No. 23, Exs. A-C), the PrimeCare "Guidelines on Management of Hepatitis C" policy, and the Federal Bureau of Prison's "Guidelines for the Prevention and Treatment of Hepatitis C and Cirrhosis."  He concluded:

> 1. Hepatitis C (HCV) is a chronic infection that progresses slowly in most patients.  The majority of patients infected with HCV will never require treatment for this condition.
>
> 2. During his incarceration, Michael Neeley has received frequent evaluation of his medical conditions.  His arthritic condition has been aggressively treated in consultation with a rheumatologist.  Three medications are prescribed, including one that retails for more than $6,000 per month.  His therapy is considered to be state of the art.  It has restored his joint function to a normal range of motion.
>
> 3. His Hepatitis C infection has been monitored on a regular basis.  The manner and frequency of these evaluations meets the applicable standards of care.

---

[5] Defendants refer to the records of doctor visits as "chronic care sick calls" and "sick calls." (Doc. No. 23.)

      a. These evaluations have verified that Mr. Neeley is not at imminent risk of harm from the Hepatitis.

      b. Medical treatment of HCV infection is not indicated unless there is evidence of disease progression.  There is no evidence of disease progression or of any harm as a result of the HCV infection.

      c. His medical history and other information obtained including his laboratory tests show that his HCV infection does not warrant treatment according to Primecare policy and treatment guidelines developed by the Federal Bureau of Prisons and other correctional systems.

      d. The medical records reflect that Dr. Carrillo has paid close attention to his medical needs and did not hesitate to refer Neeley for treatment that she judged was medically warranted.  The records show that rather than deliberate indifference, Dr. Carrillo and the medical staff has [sic] provided effective and appropriate care to Mr. Neeley.

(Doc. No. 23, Ex. D.)  Defendants' expert witness determined that Defendants did not act with deliberate indifference to Neeley's Hepatitis C, and the Court agrees.

    **B.**    **Defendant PrimeCare Is Not Liable Under Monell**

PrimeCare is a private corporation.  It has a contract to provide healthcare for inmates at MCCF.  A private corporation contracted to provide prison health services can be held liable under Section 1983 for constitutional violations if it maintains a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.  Toro v. Nutter, No. CIV. A. 13-7552, 2015 WL 4667670, at *3 (E.D. Pa. Aug. 6, 2015) (citing Reiss v. Smith, Civ. A. No. 12-2089, 2013 WL 2896832, at *3 (M.D. Pa. June 12, 2013) and Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)).  However, under Section 1983, a private corporation cannot be held responsible for the acts of its employees under a theory of respondeat superior.  Lee v. Abellos, Civ. A. No. 13-0486, 2014 WL 7271363, at *9 (E.D. Pa. Dec. 19, 2014) (citing Monell, 436 U.S. at 691).  A plaintiff therefore must show a custom or policy exhibiting deliberate indifference to a serious medical need.

Not all actions rise to the level of a custom or policy.  Lee, 2014 WL 7271363, at *9.  A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  Id. (citing Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (internal quotation marks omitted)).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but is "so widespread as to have the force of law."  Id. (citing Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 404 (1997)).

The Third Circuit recognizes three situations where an act of an individual government employee may be deemed the result of a policy or custom of the government entity:

> The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy."  The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself."  Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need."

Natale, 318 F.3d at 584 (footnote, citations, and internal quotation marks omitted).  Moreover, municipal liability or liability of a private corporation only attaches under Section 1983 when the execution of the custom or policy actually causes the injury.  Watson v. Abington Twp., 478 F.3d 144, 156 (3d Cir. 2007).

Here, viewing the facts in the light most favorable to him, Neeley fails to allege in his Complaint or provide any evidence that PrimeCare, as a private corporation acting under color of state law, had a custom or policy that caused deliberate indifference to his medical needs.  Although Neeley alleged that a PrimeCare Physician Assistant told him that "this facility will not treat Hep. C," he has offered no evidence suggesting that PrimeCare has a policy or custom of

8

not treating inmates for Hepatitis C.  (Doc. No. 3 at 10.)  Accordingly, Neeley's <u>Monell</u> claim cannot withstand summary judgment and will be dismissed.

## V. CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. No. 23) will be granted.  An appropriate Order follows.